By the Court,
Bronson, J.
As the April circuit fell through in consequence of the non-attendance of the judge, I think the costs of that circuit stand upon the same footing as though the circuit had been held, but the cause had not been reached on the calendar. As there was no trial, the counsel fee should not have been allowed. (Schenck v. Lathrop, 3 Hill, 449.) As an original question, I should have entertained the same opinion concerning the attorney’s fee. But as to that, there hqs been no important change in the language, of the statute. By the act of 1813, the attorney was allowed “ a fee on trial,’’ (1 R. L. 16.) By the act of 1830, the allowance was, u for attending the trial of a cause.” (2 R. S. 613, § 18.) The act of 1840 has the same words, with the exception that the word “ for” is omitted. (Stat. of 1840, p. 330.) Under the former statutes, it was the settled practice to allow an attorney’s fee whenever the cause was noticed for trial and was not reached upon the calendar, or was put over the circuit by the opposite party. And where an allowance was made to the attorney for “ arguing demurrer, special verdict,” &c., the fee was allowed at every term when the cause was noticed for argument, although the attorney did not in fact attend. This was done on the ground that the attorney, as such, never tries or argues the cause, and the fee must have been intended as an allowance for preparing the cause for trial or argument. (Wilson v. White, 2 Wend. 265.) If we follow the settled construction of these statutes, the attorney’s fee was properly allowed.
The chancery suit is still pending, and it belongs to that court to determine who shall pay the costs of that proceeding. Those costs could not be taxed in this suit. The sum of $35 must be deducted from the hill as taxed.
Motion granted.